# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

CALVIN D. BURNS,

Inmate # I 06774

(Enter full name of Plaintiff)

vs.

CASE NO: 1:10-CV-47-MP-AK

(To be assigned by Clerk)

LAFAYETTE COUNTY SHERIFF · CARSON McCALL

LAFAYETTE COUNTY DEPUTY SHERIFF'S ·

1) TRAVIS BOATWRIGHT

2) GEOFF CONDY

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

JURY TRIAL DEMANDED

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

## I.   PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:     Calvin Burns

Inmate Number        I06774

Prison or Jail:   Avon Park Correctional Institution

Mailing address:   P.O. Box 1100

Avon Park, Florida

33826 1100

## II.   DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1)   Defendant's name:   CARSON McCALL

Official position:   LAFAYETTE COUNTY SHERIFF

Employed at:   LAFAYETTE COUNTY SHERIFF'S OFFICE

Mailing address:   P.O BOX 227

MAYO FLORIDA 32066

(2)   Defendant's name:   TRAVIS BOATWRIGHT

Official position:   LAFAYETTE COUNTY DEPUTY SHERIFF

Employed at:   LAFAYETTE COUNTY SHERIFF'S OFFICE

Mailing address:   P.O.BOX 227

MAYO FLORIDA 32066

(3)   Defendant's name:   GEOFF CONDY

Official position:   LAFAYETTE COUNTY DEPUTY SHERIFF

Employed at:   LAFAYETTE COUNTY SHERIFF'S OFFICE

Mailing address:   P.O.BOX 227

MAYO FLORIDA 32066

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

NOTE: THE COURT WILL NOT REVIEW THE MERITS OF THE COMPLAINT UNLESS THE FOLLOWING QUESTIONS HAVE BEEN ANSWERED REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES AND ANY PRIOR LAW SUITS THAT HAVE BEEN FILED.

III.    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff must submit copies of all grievances, appeals, and responses with this complaint to verify exhaustion. Failure to demonstrate exhaustion may be grounds for dismissal.

A.    **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?**

Yes( )                    No(✔)

[If your answer is NO, proceed to Question B. If your answer is YES, answer all of the following questions in this subsection.]

1.    **Informal Grievance**

a.    Did you submit an informal grievance?

Yes( )                    No(✔)

❖ If so, you must attach a copy of the grievance and response; exhibit _____.

b.    If not, why? __NOT APPLICABLE__ _____ _____

2.    **Formal Grievance**

a.    Did you submit a formal grievance?

Yes( )                    No(✔)

❖ If so, you must attach a copy of the grievance and response; exhibit _____.

b.    If not, why? __NOT APPLICABLE__ _____ _____

3.    **Appeal to the Office of the Secretary**

a.    Did you submit an appeal to the Office of the Secretary?

Yes( )                    No(✔)

❖ If so, you must attach a copy of the appeal and response; exhibit _____.

b.    If not, why? __NOT APPLICABLE__ _____

3

**4.     Disciplinary Actions**

a.     Did you have a disciplinary hearing concerning this matter?

Yes(  )                    No(✔)

❖  If so, you must attach a copy of the disciplinary report and disciplinary hearing team's findings and decision to this form; exhibit _____.

b.     Did you lose gaintime as a result of the disciplinary hearing?

Yes(  )                    No(✔)

c.     Has the gaintime since been restored?

Yes(  )                    No(✔)

**B.    DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL OR DETENTION CENTER?**

Yes(  )                    No(✔)

[If your answer is NO, proceed to Section IV of the complaint form.
If your answer is YES, answer the following questions.]

1.     Is there a grievance procedure at your institution or jail?

Yes(  )                    No(✔)

[If your answer is NO, proceed to Section IV of the complaint form.  If your answer is YES, answer all of the following questions in this subsection.]

2.     Did you submit a grievance concerning the facts relating to your complaint?

Yes(  )                    No(✔)

3.     If your answer is YES:

a. What steps did you take?  NOT APPLICABLE

b. What were the results?   NOT APPLICABLE

❖ If so, you must attach a copy of the grievance and response; exhibit _____.

4.     If your answer is NO, explain why not:  NOT APPLICABLE

4

NOTE:  FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL
OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED,
THAT FACT MUST BE DISCLOSED AS WELL.

IV.    **PREVIOUS LAWSUITS**

A.    Have you initiated other actions in **state court** dealing with the same or similar
facts/issues involved in this action?
Yes(✔)                          No(  )

1. Parties to previous action:
   a.   Plaintiff(s): __CALVIN D. BURNS__
   b.   Defendant(s): __STATE OF FLORIDA__                              06 38 CF
2. Name of judge: __HARLOW H. LAND JR.__         Case #: __05-30 CF  05-38 CF  06-34 CF__
3. County and judicial circuit: __LAFAYETTE COUNTY ; THIRD JUDICIAL CIRCUIT__
4. Name of judge: __HARLOW H. LAND JR.__
5. Approximate filing date: __SEPTEMBER 7 2007__
6. If not still pending, date of dismissal: __STILL PENDING__
7. Reason for dismissal: __NOT APPLICABLE__
8. Facts and claims of case: __INEFFECTIVE ASSISTANCE OF COUNSEL, PROSECUTOR'S__
__FAILURE TO PRODUCE 'BRADY' MATERIAL, FUNDAMENTAL ERROR, NEWLY DISCOVERED EVIDENCE__
   **(Attach additional pages as necessary to list state court cases.)**

B.    Have you initiated other actions in **federal court** dealing with the same or similar
facts/issues involved in this action?

Yes(  )                          No(✔)

1. Parties to previous action:
   a.   Plaintiff(s): __NOT APPLICABLE__
   b.   Defendant(s): __NOT APPLICABLE__
2. District and judicial division: __NOT APPLICABLE__
3. Name of judge: __NOT APPLICABLE__         Case #: __NOT APPLICABLE__
4. Approximate filing date: __NOT APPLICABLE__
5. If not still pending, date of dismissal: __NOT APPLICABLE__
6. Reason for dismissal: __NOT APPLICABLE__
7. Facts and claims of case: __NOT APPLICABLE__

**(Attach additional pages as necessary to list other federal court cases.)**

5

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(  )                    No(✓)

If YES, describe each action in the space provided below.  If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a.  Plaintiff(s): ___NOT APPLICABLE___
   b.  Defendant(s): ___NOT APPLICABLE___
2. District and judicial division: ___NOT APPLICABLE___
3. Name of judge: ___NOT APPLICABLE___          Case #: ___NOT APPLICABLE___
4. Approximate filing date: ___NOT APPLICABLE___
5. If not still pending, date of dismissal: ___NOT APPLICABLE___
6. Reason for dismissal: ___NOT APPLICABLE___
7. Facts and claims of case: ___NOT APPLICABLE___
   _____

**(Attach additional pages as necessary to list cases.)**

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed:

Yes(  )                    No(✓)

1. Parties to previous action:
   a.  Plaintiff(s): ___NOT APPLICABLE___
   b.  Defendant(s): ___NOT APPLICABLE___
2. District and judicial division: ___NOT APPLICABLE___
3. Name of judge: ___NOT APPLICABLE___     Case Docket # ___NOT APPLICABLE___
4. Approximate filing date: ___NOT APPLICABLE___     Dismissal date: ___NOT APPLICABLE___
5. Reason for dismissal: ___NOT APPLICABLE___

**(Attach additional pages as necessary to list cases.)**

6

## V.    STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  Do not make any legal arguments or cite to any cases or statutes.  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

1) That on May 6 2005 Lafayette County Sheriff Carson McCall did initiate a traffic stop of the vehicle that this Defendant was driving. During the resulting interview and conversations between this Plaintiff and his passenger Amanda Crawford and the members of the Lafayette County Sheriff's Office, Sheriff Carson McCall Deputy Sheriff Lonnie Hempstead and Deputy Sheriff Kevin Barrington (who was at that time dressed in civilian clothes) numerous repeated racist threats and statements were made by all the attending Lafayette County Officers in the presence of and with the uncontested consent of their immediate supervisor, Sheriff Carson McCall, beginning immediately upon officers contact with the Plaintiff and his passenger and continuing until after Plaintiff's arrest and transport to jail facility, a violation of

2) That on May 6 2005 Lafayette County Sheriff Carson McCall did place handcuffs upon this Plaintiff in a deliberately cruel and malicious and racist manner that this Plaintiff has been permanently and irreperably injured, a violation of the Eighth Amendment of the constitution of the United States.

3) That the Defendant's Lafayette County Sheriff Carson McCall, Deputy Sheriff's Travis Boatwright and Cesar Condy did conspire to place "false charges" upon this Plaintiff to secure his unwilling cooperation as a confidential informant between the dates of May 6 2005 and September 19 2006. A violation of Title 18 sections 241, 242.

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

1) THAT THE DEFENDANT'S DID VIOLATE TITLE 18, SECTIONS 241-242 FOR CONSPIRACY IN THE PLACING OF "FALSE CHARGES" AGAINST THIS PLAINTIFF IN THE ATTEMPT TO EXTORT THE UNWILLING COOPERATION TO BE A "CONFIDENTIAL INFORMANT"

2) THAT THE DEFENDANT'S DID VIOLATE THIS PETITIONER'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM "CRUEL AND UNUSUAL" PUNISHMENT IN THE DELIBERATE, MALICIOUS AND RACIST APPLICATION OF RESTRAINT (HANDCUFFS) TO THE EXTREME OF SIGNIFICANT INJURY.

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

1) PETITIONER SEEKS A JURY TRIAL FOR ALL ACTS OF CONSPIRACY FOR ALL DEFENDANTS

2) PETITIONER SEEKS A JURY TRIAL FOR ALL CRIMINAL ACTS FOR ALL DEFENDANTS

3) PETITIONER SEEKS CONTINUOUS MEDICAL TREATMENT PROVIDED SOLELY BY THE DEFENDANTS FOR THE WRIST INJURY RECEIVED UNTIL SUCH TIME AS DETERMINED BY COMPETANT PHYSICIAN, SUCH MEDICAL TREATMENT IS NO LONGER NECESSARY   (CONTINUED ON PAGE 8 A)

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

_3-23-10_
(Date)

_Calvin Burns_
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the _25_ day of _March_, 20_10_.

_Calvin Burns_
(Signature of Plaintiff)

Revised 07/02

8

## RELIEF REQUESTED

4)   PLAINTIFF SEEKS NOMINAL DAMAGES IN THE AMOUNT OF $50,000.00 ( FIFTY THOUSAND DOLLARS), IN UNITED STATES CURRENCY, FROM EACH DEFENDANT, OR AN AMOUNT THIS HONORABLE COURT DEEMS JUST AND FAIR.

5)   PLAINTIFF SEEKS COMPENSATORY DAMAGES IN THE AMOUNT OF $100,000.00 ( ONE HUNDRED THOUSAND DOLLARS), IN UNITED STATES CURRENCY, FROM EACH DEFENDANT, OR AN AMOUNT THIS HONORABLE COURT DEEM JUST AND FAIR.

6)   PLAINTIFF SEEKS PUNITIVE DAMAGES IN THE AMOUNT OF $100,000.00 ( ONE HUNDRED THOUSAND DOLLARS), IN UNITED STATES CURRENCY, FROM EACH DEFENDANT, OR AN AMOUNT THIS HONORABLE COURT DEEMS JUST AND FAIR.

7)   PLAINTIFF SEEKS DECLARATORY JUDGEMENT FOR THE ACTS AND OMISSIONS HEREIN DESCRIBED FOR VIOLATING PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES AND THE LAWS OF THE STATE OF FLORIDA

8)   PLAINTIFF SEEKS INJUNCTIVE RELIEF TO PREVENT THE DEFENDANT'S FROM EVER SEEKING RETALITORY ACTION AGAINST THIS PLAINTIFF OR THIS PLAINTIFF'S IMMEDIATE FAMILY.

9)   PLAINTIFF SEEKS LEGAL FEES, COSTS ASSOCIATED WITH THIS ACTION, INCLUDING SERVICE FEES, MAILING FEES, COURT CLERK FEES, AND INJUNCTIVE AND DECLARATORY FEES.

10)  PLAINTIFF SEEKS UNITED STATES ATTORNEY GENERAL'S OFFICE TO FILE PLAINTIFF SECOND PART FOR CRIMINAL SANCTIONS

11)  PLAINTIFF SEEKS ANY ADDITIONAL RELIEF THIS HONORABLE COURT DEEMS JUST AND FAIR.

IN THE UNITED STATES DISTRICT COURT, IN AND FOR
THE NORTHERN DISTRICT OF FLORIDA
GAINSVILLE DIVISION

CALVIN D. BURNS #I06774                           CASE NUMBER(S)
PETITIONER / PLAINTIFF

        - V -

CARSON MCCALL - LAFAYETTE COUNTY SHERIFF
TRAVIS BOATWRIGHT - LAFAYETTE COUNTY DEPUTY SHERIFF
GEOFF CONDY - LAFAYETTE COUNTY DEPUTY SHERIFF
RESPONDANT / DEFENDENT

## NOTICE OF COMPLAINT

COMES NOW, THE PETITIONER / PLAINTIFF, CALVIN D. BURNS, PRO-SE, TO NOTIFY ALL CONCERNED HEREIN NAMES PARTIES OF THE FOLLOWING;

## JURISDICTION AND VENUE

THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C SECTION 1983, TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THIS COURT HAS JURISDICTION UNDER 28 U.S.C SECTION 1331 AND 1343 (a)(3). PLAINTIFF SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C SECTION 2201 AND 2202. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C SECTION 2283 AND 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA, GAINESVILLE DIVISION IS THE APPROPRIATE VENUE UNDER 28 U.S.C SECTION 1391 (b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURRED.

1 of 12

## PLAINTIFF

PLAINTIFF, CALVIN D BURNS, IS AND WAS, AT ALL TIMES MENTIONED HEREIN, A PRISONER OF THE STATE OF FLORIDA, EITHER IN THE CUSTODY OF THE LAFAYETTE COUNTY JAIL, OR THE FLORIDA DEPARTMENT OF CORRECTIONS, WITH THE EXCEPTION OF BRIEF PERIODS OF TIME, BETWEEN THE HEREIN ENUMERATED ARRESTS. THE PLAINTIFF IS CURRENTLY CONFINED AT:

AVON PARK CORRECTIONAL INSTITUTION
P.O. BOX 1100
AVON PARK, FLORIDA
33826 1100

## DEFENDANTS

THIS DEFENDANT, CARSON MCCALL, THE LAFAYETTE COUNTY SHERIFF, IS ONE OF THE ORIGINAL PARTICIPANTS IN THE INVESTIGATION AND ARREST OF THE PLAINTIFF. THIS DEFENDANT IS ALSO THE HIGHEST RANKING MEMBER OF THE LAFAYETTE COUNTY SHERIFF'S DEPARTMENT AND THE IMMEDIATE SUPERVISOR OF THE OTHER DEFENDANTS.

THIS DEFENDANT, TRAVIS BOATWRIGHT, A LAFAYETTE COUNTY DEPUTY SHERIFF, IS THE DEFENDANT RESPONSIBLE FOR THE ARREST OF THIS PLAINTIFF ON APRIL 25, 2006 UNDER "FALSE CHARGES" FOR A "DRUG SALE WITHIN ONE THOUSAND (1000) FEET OF A CHURCH". A "FALSE CHARGE" PERPETRATED BY THIS LAFAYETTE COUNTY DEPUTY SHERIFF WITH THE SOLE INTENT OF MALICIOUS EXTORTION UPON THIS PLAINTIFF IN AN ATTEMPT TO FORCEFULLY OBTAIN THE COOPERATION OF THIS PLAINTIFF AS A LAW ENFORCEMENT "CONFIDENTIAL INFORMANT".

THIS DEFENDANT, GEOFF CANDY, A LAFAYETTE COUNTY DEPUTY SHERIFF, IS THE DEFENDANT WHO, IN A CONSPIRACY WITH FELLOW LAFAYETTE COUNTY DEPUTY SHERIFF, TRAVIS BOATWRIGHT, DID PLACE UPON THIS PLAINTIFF, "FALSE CHARGES", IN AN UNSUCCESSFUL ATTEMPT TO FORCEABLY EXTORT THE UNWILLING COOPERATION OF THIS PLAINTIFF AS A LAW ENFORCEMENT "CONFIDENTIAL INFORMANT".

## STATEMENT OF FACTS

ON MAY 6, 2005, THIS PLAINTIFF WAS DRIVING IN LAFAYETTE COUNTY, WITH A CAUCASIAN FEMALE PASSENGER, ( WHO AT THAT TIME, THIS PLAINTIFF WAS ROMANTICALLY INVOLVED WITH) AT APPROXIMATELY ELEVEN O'CLOCK P.M. AS THIS PLAINTIFF PROCEEDED TO DRIVE ON STATE ROAD TWENTY (20), PLAINTIFF DROVE PAST A VERY WELL ILLUMINATED ROADSIDE STORE. AS THIS PLAINTIFF CONTINUED TO DRIVE PAST THIS VERY WELL LIGHTED AREA, A BLACK UNMARKED DODGE DURANGO PICK UP TRUCK PULLED OUT OF THE STORE BEHIND THIS PLAINTIFF AND BEGAN TO FOLLOW THIS PLAINTIFF, UP TO THIS POINT, AND THROUGHOUT THE COURSE OF THESE DESCRIBED EVENTS AND AS THE POLICE RECORD ITSELF SHOWS, THIS PLAINTIFF AT NO TIME, COMMITTED ANY CRIME, NOR DID HE VIOLATE ANY LAW. (SEE PLAINTIFF'S ATTACHED EXHIBIT 'A').

THERE ARE SEVERAL ISSUES WHICH MUST BE IMMEDIATELY ADDRESSED AT THIS POINT FIRST, WHILE IT IS NOT ENTIRELY UNHEARD OF, IT IS EXTREMELY UNCOMMON FOR THE ACTUAL LAFAYETTE COUNTY SHERIFF HIMSELF, TO MAKE A TRAFFIC STOP AT ELEVEN O'CLOCK AT NIGHT, WHILE DARK, WITHOUT BACK-UP OFFICERS PRESENT, AND WITH A PASSANGER DRESSED IN CIVILIAN CLOTHES IN THE BLACK UNMARKED DODGE DURANGO PICK UP TRUCK.

IT IS ALSO EXTREMELY VITAL TO TAKE NOTICE, PARTICULARLY IN VIEW OF LATER EVENTS WHICH WILL BE DISCRIBED, THAT THIS HIGHLY UNUSUAL "TRAFFIC STOP" WAS MADE, NOT DUE TO THIS PLAINTIFF'S OBVIOUS VIOLATION OF ANY FLORIDA LAW, BUT DUE ENTIRELY TO THE UNCONTESTED BELIEF OF THIS PLAINTIFF, TO A PURELY RACIST ATTITUDE AND REASONING OF THE LAFAYETTE COUNTY SHERIFF, CARSON MCCALL, AS IS CLEARLY EVIDENT BY THE FACT THAT THE SUBMITTED EXHIBIT 'A' - THE LAFAYETTE COUNTY SHERIFF'S OFFICE COMPLAINT / ARREST AFFIDAVIT. THIS "TRAFFIC STOP" WAS MADE ONLY AFTER THIS PLAINTIFF AND HIS FEMALE CAUCASIAN PASSENGER PASSED THROUGH AN EXTREMELY WELL LIGHTED SECTION OF ROADWAY AND WERE OBSERVED BY SHERIFF CARSON MCCALL AND HIS MALE CAUCASIAN PASSENGER.

SHORTLY AFTER BEING PULLED OVER BY LAFAYETTE COUNTY SHERIFF CARSON MCCALL, BACK UP UNITS ARRIVED AND SEVERAL LAFAYETTE COUNTY SHERIFF'S DEPUTY'S APPROACHED THIS PLAINTIFF, WHILE HE WAS STILL IN HIS VEHICLE, WITH THEIR HANDGUNS DRAWN AND POINTED AT THIS PLAINTIFF. THIS PLAINTIFF WAS REMOVED FROM HIS VEHICLE AT GUN POINT, SUBJECTED TO A "PAT DOWN" SEARCH AND PLACED IN HANDCUFFS. CONTINUALLY THROUGHOUT THIS EPISODE WITH LAFAYETTE COUNTY SHERIFF. CARSON MCCALL AND HIS DEPUTY'S, NUMEROUS REPEATED "RACIST" REMARKS WERE MADE DIRECTLY TOWARD THIS PLAINTIFF IN THE BLATANTLY OBVIOUS VERBAL ASSAULT BY NOT ONLY THE LAFAYETTE COUNTY SHERIFF'S OFFICE DEPUTY'S, BUT, THE LAFAYETTE COUNTY SHERIFF CARSON MCCALL HIMSELF. ONE, AS YET UNKNOWN, LAFAYETTE COUNTY SHERIFF'S DEPUTY VOICED THE COMMENT VERY SIMILAR TO:

"SHERIFF, WE SHOULD DO LIKE WE DID BACK IN THE DAY
AND HANG HIS BLACK ASS UP, TAKE HIM OUT IN THE
WOODS AND BEAT HIS BLACK ASS UNTIL HE SHITS ON
HIMSELF, AND THEN PUT THE ROPE ON HIS STINKING
ASS."

PLAINTIFF WOULD STATE THAT AT SOME POINT, EITHER DIRECTLY BEFORE OR IMMEDIATELY AFTER THIS
PARTICULAR RACIST THREAT, THIS PLAINTIFF WAS PLACED IN HANDCUFFS EXTREMELY TIGHTLY. AFTER BEING
PLACED IN HANDCUFFS, THIS PLAINTIFF WAS VERY ROUGHLY ESCORTED TOWARD A LAFAYETTE COUNTY
SHERIFF'S SQUAD CAR AND WHEN THIS PLAINTIFF ATTEMPTED TO COMPLAIN OF THIS COMPLETELY
UNNECESSARY, VIOLENTLY AGGRESSIVE AND RACIALLY MOTIVATED TREATMENT AND ASSAULT, THE
LAFAYETTE COUNTY SHERIFF'S DEPUTY WHO WAS ESCORTING AND VICTIMIZING THIS PLAINTIFF STATED
SOMETHING VERY SIMILAR TO:

"BOY, YOU LUCKY THAT AIN'T MY DAUGHTER OR I
WOULD FEED YOUR ASS TO THE GATORS."

THE LAFAYETTE COUNTY SHERIFF'S DEPUTY'S THEN REMOVED THIS PLAINTIFF'S PASSENGER, AMANDA
CRAWFORD, FROM THE VEHICLE, HANDCUFFED HER, AND PLACED HER IN ANOTHER LAFAYETTE COUNTY
SHERIFF'S VEHICLE. THIS PLAINTIFF WAS THEN TRANSPORTED TO THE LAFAYETTE COUNTY JAIL.

THE NEXT MORNING, MAY 7 2006, WHILE LAFAYETTE COUNTY SHERIFF'S DEPUTY'S WERE PERFORMING
THE ROUTINE DUTIES ASSOCIATED WITH BEING ASSIGNED TO THE "BOOKING AND HOLDING" AREA OF THE
LAFAYETTE COUNTY JAIL, THIS PETITIONER/PLAINTIFF OBSERVED AN OPPORTUNITY TO ESCAPE AND ACTED UPON
THIS OBSERVATION. AT ONE POINT, THE ACCESS DOORS WERE UNLOCKED TO ALLOW THE MOVEMENT OF DETAINED
INDIVIDUALS AND THIS PETITIONER/PLAINTIFF SIMPLY "RAN" FOR WHAT THIS PETITIONER/PLAINTIFF BELIEVED
AT THAT TIME, "TO SAVE HIS LIFE". AFTER THE TREATMENT RECEIVED BY MEMBERS OF THE LAFAYETTE
COUNTY SHERIFF'S OFFICE THE PREVIOUS EVENING, THE NUMEROUS "RACIALLY THREATENING" COMMENTS
AND REMARKS THAT WERE NOT ONLY MADE BY LAFAYETTE COUNTY SHERIFF'S DEPUTY'S, BUT WERE IN
FACT, MADE IN THE PRESENCE OF AND WITH THE COMPLETE SUPPORT OF THE MOST AUTHORITATIVE
SUPERVISOR OF LAW ENFORCEMENT IN LAFAYETTE COUNTY - SHERIFF CARSON MCCALL HIMSELF.

ALTHOUGH THIS PETITIONER/PLAINTIFF DID "ESCAPE" OF HIS OWN INITIATIVE AND DUE ENTIRELY TO
THE EXTREME FEAR GENERATED BY THE DEPUTY'S INVOLVED IN THE PREVIOUS NIGHT'S ARREST, THIS
PETITIONER/PLAINTIFF, ONCE FREE OF CONFINEMENT, IMMEDIATELY SOUGHT ASSISTANCE THROUGH FAMILY
AND FRIENDS TO SURRENDER HIMSELF AND RETURN TO THE CUSTODY OF LAW ENFORCEMENT ONCE HE HAS
INFORMED THESE SAME FRIENDS AND FAMILY OF THE VERY LIKELY POSSIBILITY OF THE LAFAYETTE COUNTY

SHERIFF'S DEPUTY'S PURSUIT OF THE "RACIALLY" MOTIVATED THREATS AGAINST THE LIFE, HEALTH, AND SAFETY OF THIS PETITIONER/PLAINTIFF. THIS PETITIONER/PLAINTIFF WAS IN SUCH FEAR FOR HIS CONTINUED HEALTH AND SAFETY, AND VERY POSSIBLY - HIS VERY LIFE, THAT EFFORTS WERE MADE TO SECURE THE "PROMISE" OF LAFAYETTE COUNTY SHERIFF - CARSON McCALL, THAT WHEN THIS PETITIONER/ PLAINTIFF SURRENDERED - WOULD HIS HEALTH AND SAFETY BE ASSURED? THESE ASSURANCES THAT WERE OBTAINED BY THIS PETITIONER/PLAINTIFF WERE ACHIEVED DELIBERATELY AND IN A VERY PUBLIC FASHION. BY THREE - WAY TELEPHONE CALLS, AND CONDUCTED WITH THE ASSISTANCE OF, AND IN THE PRESENCE OF, NUMEROUS MEMBERS OF THIS PETITIONER/PLAINTIFF'S FAMILY AND FRIENDS WHO HAS BEEN INFORMED OF THE ACTIONS AND THE "RACIALLY MOTIVATED" THREATS OF THE LAFAYETTE COUNTY SHERIFF'S OFFICE.

THIS PETITIONER/PLAINTIFF WAS SENTENCED BY THE COURT TO A TERM OF INCARCERATION IN THE LAFAYETTE COUNTY JAIL TO BE FOLLOWED BY PROBATION. THIS PETITIONER DID SUCCESSFULLY COMPLETE THE TERM OF COURT - ORDERED INCARCERATION, WAS RELEASED, AND BEGAN TO SERVE THE COURT - ORDERED PERIOD OF PROBATION.

WITHIN A PERIOD OF TIME OF LESS THAN TWO (2) MONTHS, THIS PETITIONER WAS, ONCE AGAIN, ARRESTED BY LAFAYETTE COUNTY SHERIFF - CARSON McCALL, AND LAFAYETTE COUNTY DEPUTY SHERIFF - TRAVIS BOATWRIGHT. THE PETITIONER WAS ARRESTED WHILE STAYING WITH FAMILY, AT HIS RESIDENCE. THE PRESENCE OF BOTH OF THESE DEFENDANTS - LAFAYETTE COUNTY SHERIFF CARSON McCALL AND LAFAYETTE COUNTY DEPUTY SHERIFF TRAVIS BOATWRIGHT WOULD BE THE SECOND (2ND) INCIDENT OF ARREST AND HARASSMENT PERPETRATED BY THESE MEMBERS OF LAW ENFORCEMENT.

DURING THIS ARREST, LAFAYETTE COUNTY DEPUTY SHERIFF - TRAVIS BOATWRIGHT DID ASSAULT THIS PETITIONER IN AN AGGRESSIVE AND BRUTAL MANNER, AND DID PLACE HANDCUFFS ON THIS PETITIONER IN SUCH AN EXTREMELY TIGHT MANNER THAT, UPON ARRIVAL AT THE COUNTY JAIL, PETITIONER WAS SEEN IMMEDIATELY BY COUNTY JAIL MEDICAL STAFF FOR INJURY TO HIS LEFT WRIST AND WAS THEN TAKEN TO AN OUTSIDE MEDICAL FACILITY FOR FURTHER TREATMENT OF THIS INJURY. MEDICAL RECORDS AND VERIFICATION OF TREATMENT AND INJURY MAY BE OBTAINED BY CONTACTING ;

> DOCTORS MEMORIAL HOSPITAL
> 333 NORTH BYRON BUTLER PARKWAY
> P.O. BOX 1847
> PERRY, FLORIDA
>
> 32347 - 1847

IT SHOULD BE NOTED AT THIS TIME, THAT THE "FALSE CHARGE" PLACED UPON THIS PETITIONER AT THE TIME OF HIS ARREST - "DRUG SALE WITHIN 1000 FEET OF A PLACE OF WORSHIP" WAS LATER CONTESTED AND

IS CURRENTLY UNDER REVIEW BY THE THIRD JUDICIAL CIRCUIT COURT FOR LAFAYETTE COUNTY. THE PETITIONER/ PLAINTIFF DID SUBMIT, ON SEPTEMBER 7, 2006, A 3.850 MOTION FOR POST-CONVICTION RELIEF.

IT WAS DURING THIS PETITIONER/ PLAINTIFF'S INCARCERATION IN THE LAFAYETTE COUNTY JAIL FOR THIS AFORE-MENTIONED "FALSE CHARGE" OF A "DRUG SALE WITHIN 1000 FEET OF A PLACE OF WORSHIP" THAT, LAFAYETTE COUNTY SHERIFF. CARSON MCCALL AND LAFAYETTE COUNTY DEPUTY SHERIFF TRAVIS BOATWRIGHT, FIRST APPROACHED THIS PETITIONER/ PLAINTIFF WITH A "VERBAL PLEA AGREEMENT" WHICH CONSISTED OF THE LAFAYETTE COUNTY SHERIFF'S OFFICE ACHIEVING THE "DISMISSAL" OF THIS "FALSE CHARGE" OF A "DRUG SALE WITHIN 1000 FEET OF A PLACE OF WORSHIP" AND, THE ASSISTANCE OF THE LAFAYETTE COUNTY SHERIFF'S OFFICE IN OBTAINING THIS PETITIONER/ PLAINTIFF'S RELEASE FROM THE LAFAYETTE COUNTY JAIL - IN RETURN FOR - AN UNSPECIFIED AMOUNT, OR, ANY DESCRIPTION OF SOME FORM OF ASSISTANCE ( CONFIDENTIAL INFORMANT) FROM THIS PETITIONER/ PLAINTIFF.

THIS PETITIONER/ PLAINTIFF DID TENATIVELY AGREE TO THIS "VERBAL PLEA AGREEMENT" AND WAS SHORTLY THEREAFTER RELEASED FROM THE LAFAYETTE COUNTY JAIL, ALTHOUGH, THE "FALSE CHARGE" OF A "DRUG SALE WITHIN 1000 FEET OF A PLACE OF WORSHIP" REMAINED ACTIVE AGAINST THIS PETITIONER/ PLAINTIFF AS "INCENTIVE" TO COOPERATE WITH THE LAFAYETTE COUNTY SHERIFF'S DEPARTMENT AND MORE SPECIFICALLY, THE WISHES AND DESIRES OF LAFAYETTE COUNTY SHERIFF. CARSON MCCALL AND LAFAYETTE COUNTY DEPUTY SHERIFF. TRAVIS BOATWRIGHT. ( SEE: PETITIONER/ PLAINTIFF'S EXHIBIT 'B' - A TEN (10) PAGE, HANDWRITTEN LETTER BY THIS PETITIONER/ PLAINTIFF, WRITTEN AT THE TIME THAT THESE INCIDENTS WERE OCCURRING, AND FORWARDED TO THIS PETITIONER/ PLAINTIFF LEGAL REPRESENTATIVE).

AFTER THIS PETITIONER/ PLAINTIFF WAS RELEASED FROM THE LAFAYETTE COUNTY JAIL, LAFAYETTE COUNTY DEPUTY SHERIFF. TRAVIS BOATWRIGHT APPROACHED THIS PETITIONER/ PLAINTIFF WITH DETAILS AND INSTRUCTIONS AS TO THE "ASSISTANCE" BEING SOUGHT BY THE LAFAYETTE COUNTY SHERIFF'S OFFICE. THIS PETITIONER/ PLAINTIFF FOUND THAT THE "ASSISTANCE" BEING REQUESTED BY LAFAYETTE COUNTY DEPUTY SHERIFF TRAVIS BOATWRIGHT WAS FAR BEYOND THE CAPABILITIES OF THIS PETITIONER/ PLAINTIFF AND THAT THIS "ASSISTANCE" BEING REQUESTED PLACES THE "LIFE" OF THIS PETITIONER/ PLAINTIFF IN SERIOUS JEOPARDY. CONDITIONS AND INSTRUCTIONS WHICH THIS PETITIONER/ PLAINTIFF FOUND TOO EXTREME TO COMPLY WITH, AND, AS SUCH, THIS PETITIONER/ PLAINTIFF MADE NUMEROUS, REPEATED ATTEMPTS TO CONTACT EITHER LAFAYETTE COUNTY SHERIFF CARSON MCCALL AND LAFAYETTE COUNTY DEPUTY SHERIFF TRAVIS BOATWRIGHT IN THE UNSUCCESSFUL ATTEMPT TO COOPERATE WITH THE LAFAYETTE COUNTY SHERIFF'S OFFICE AS AGREED, BUT TO ALSO PROTECT THE HEALTH AND SAFETY OF THIS PETITIONER/ PLAINTIFF WHILE DOING SO.

AFTER A BRIEF PERIOD OF TIME, (LESS THAN FIVE (5) MONTHS), WHEN IT WAS DETERMINED THAT THIS PETITIONER/PLAINTIFF WOULD NOT COOPERATE WITH THE EXTREMELY DANGEROUS AND POTENTIALLY LIFE-THREATENING DEMANDS OF "ASSISTANCE", LAFAYETTE COUNTY SHERIFF LERSON MCCALL AND LAFAYETTE COUNTY DEPUTY SHERIFF, TRAVIS BOATWRIGHT ONCE AGAIN, APPEARED AT THE FAMILY HOME OF THIS PETITIONER/PLAINTIFF AND ONCE AGAIN, PLACED "FALSE CHARGES" OF A "DRUG SALE WITHIN 1000 FEET OF A PLACE OF WORSHIP" AGAINST THIS PETITIONER/PLAINTIFF AND ARRESTED HIM.

IT SHOULD BE NOTED THAT THIS PETITIONER/PLAINTIFF DID DEFEND HIMSELF AGAINST THIS "FALSE CHARGE" OF A "DRUG SALE WITHIN 1000 FEET OF A PLACE OF WORSHIP" FOR WHICH HE WAS ARRESTED ON SEPTEMBER 19, 2006. THIS PETITIONER/PLAINTIFF DID DEFEAT THE INTENTIONS OF THE LAFAYETTE COUNTY SHERIFF'S OFFICE WHEN THIS "FALSE CHARGE" WAS "DISMISSED".

## LEGAL CLAIMS

1) THE DEFENDANT'S VIOLATED TITLE EIGHTEEN (18), SECTIONS 241 AND 242 BY CONSPIRING AMONGST THEMSELVES TO PLACE "FALSE CHARGES" UPON THIS PETITIONER/PLAINTIFF, DUE ENTIRELY TO THE BELIEF OF THIS PETITIONER/PLAINTIFF, AS A "RACIALLY MOTIVATED" ACT OF REVENGE AND RETALIATION

2) THE DEFENDANT'S VIOLATED THIS PETITIONER/PLAINTIFF'S FOURTH (4TH) AMENDMENT RIGHT AGAINST ILLEGAL SEARCH AND SEIZURE, AND/OR, THIS PETITIONER/PLAINTIFF'S EIGHTH (8TH) AMENDMENT RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT, BY PLACING RESTRAINTS (HANDCUFFS) UPON THIS PETITIONER/PLAINTIFF IN SUCH AN EXTREMELY TIGHT AND BRUTAL MANNER AS TO CAUSE LASTING AND VERY POSSIBLY PERMANENT NERVE DAMAGE AND INJURY.

3) THE DEFENDANT'S VIOLATED THIS PETITIONER/PLAINTIFF'S FOURTEENTH (14TH) AMENDMENT RIGHT OF EQUAL PROTECTION UNDER THE LAW BY MALICIOUSLY AND DELIBERATELY CAUSING SEVERE AND POSSIBLY PERMANENT INJURY TO THIS PETITIONER/PLAINTIFF DURING THE COURSE OF A ROUTINE ARREST.

## RELIEF REQUESTED

1) PETITIONER / PLAINTIFF SEEKS A JURY TRIAL UPON ALL CRIMINAL CHARGES FOR ALL DEFENDANTS

2) PETITIONER / PLAINTIFF SEEKS A JURY TRIAL UPON ALL ISSUES OF CONSPIRACY BETWEEN ALL THE DEFENDANTS FOR THE PLACEMENT OF "FALSE CHARGES" FOR THE PURPOSE OF EXTORTION OF ASSISTANCE BY THIS PETITIONER / PLAINTIFF FOR THE LAFAYETTE COUNTY SHERIFF'S OFFICE

3) PETITIONER / PLAINTIFF SEEKS NOMINAL DAMAGES IN THE AMOUNT OF $50,000.⁰⁰ (FIFTY THOUSAND DOLLARS), IN UNITED STATES CURRENCY, FROM EACH DEFENDANT, OR AN AMOUNT THIS HONORABLE COURT DEEMS JUST AND FAIR.

4) PETITIONER / PLAINTIFF SEEKS COMPENSATORY DAMAGES IN THE AMOUNT OF $100,000.⁰⁰ (ONE HUNDRED THOUSAND DOLLARS), IN UNITED STATES CURRENCY, FROM EACH DEFENDANT, OR AN AMOUNT THIS HONORABLE COURT DEEMS JUST AND FAIR.

5) PETITIONER / PLAINTIFF SEEKS PUNITIVE DAMAGES IN THE AMOUNT OF $100,000.⁰⁰ (ONE HUNDRED THOUSAND DOLLARS) IN UNITED STATES CURRENCY, FROM EACH DEFENDANT, OR AN AMOUNT THIS HONORABLE COURT DEEMS JUST AND FAIR.

6) PETITIONER / PLAINTIFF SEEKS LEGAL FEES, COSTS ASSOCIATED WITH THIS ACTION, INCLUDING SERVICE FEES, MAILING FEES, COURT CLERK FEES, AND DECLARATORY AND INJUNCTIVE FEES.

7) PETITIONER / PLAINTIFF SEEKS UNITED STATES ATTORNEY GENERAL'S OFFICE TO FILE PLAINTIFF SECOND (2ⁿᵈ) PARTY FOR CRIMINAL SANCTIONS

8) PETITIONER / PLAINTIFF SEEKS ANY ADDITIONAL RELIEF THIS HONORABLE COURT DEEMS JUST AND FAIR.

<u>VERIFICATION</u>

I, CALVIN D. BURNS, PETITIONER / PLAINTIFF / PRO·SE, HAVE READ THE FOREGOING COMPLAINT AND HEREBY CERTIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT <u>Lake City</u>, FLORIDA

EXECUTED ON THIS <u>23</u> DAY OF <u>March</u>, <u>2010</u>.

RESPECTFULLY SUBMITTED,

Calvin Burns

CALVIN D. BURNS # IO6774
AVON PARK CORRECTIONAL INSTITUTION
P.O. BOX 1100
AVON PARK, FLORIDA
33826-1100

CERTIFICATE OF SERVICE

I, CALVIN D. BURNS, PETITIONER / PLAINTIFF / PRO-SE, HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN SENT BY U.S. MAIL TO THE FOLLOWING:

OFFICE OF THE CLERK OF THE COURT
U.S. DISTRICT COURT
401 SOUTHEAST FIRST AVENUE
ROOM 243
GAINESVILLE, FLORIDA
        32601

THE LAFAYETTE COUNTY SHERIFF'S OFFICE
C/o CARSON MCCALL
P.O. BOX 227
MAYO, FLORIDA
        32066

THE LAFAYETTE COUNTY SHERIFF'S OFFICE
C/o TRAVIS BOATWRIGHT
P.O. BOX 227
MAYO, FLORIDA
        32066

THE LAFAYETTE COUNTY SHERIFF'S OFFICE
C/o GREGG CONDY
P.O. BOX 227
MAYO, FLORIDA
        32066

INSURANCE COMMISSIONER
DEPARTMENT OF INSURANCE
PROCESS SECTION
P.O. BOX 6100
TALLAHASSEE, FLORIDA 32314-6100

RESPECTFULLY SUBMITTED,

Calvin Burns

CALVIN D. BURNS # 106774
AVON PARK CORRECTIONAL INSTITUTION
P.O. BOX 1100
AVON PARK, FLORIDA
        33826-1100

EXHIBIT 'A'

CONTAINING                                     2 PAGES

1) LAFAYETTE COUNTY SHERIFF'S OFFICE DOCUMENTS ;
    A) COMPLAINT / ARREST AFFIDAVIT                1 PAGES
    B) NARRATIVE                                   1 PAGES

# LAFAYETTE COUNTY SHERIFF'S OFFICE
## Complaint/Arrest Affidavit

| OBTS No. | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 0 | 3 | 4 | 0 | 0 | 0 | 0 | 0 | |

2. Notice to Appear
3. Issue Capias — 1

Juvenile

| ☒ Felony | ☐ Misdemeanor | ☐ Traffic | Jail No. | Agency Case No. | Court Case No. |
|---|---|---|---|---|---|
| ☐ Juvenile | ☐ Warrant | | | 05-0157 | LA05IN6716 |

| DEFENDANT'S NAME  Last | First | Middle | DOB | Sex | Race | Height | Weight | Hair | Eyes |
|---|---|---|---|---|---|---|---|---|---|
| BURNS | CALVIN | D | 12/28/84 | M | B | 503 | | BLK | BRN |

| LOCAL ADDRESS  Street | City | State | ZIP | Phone | Alias |
|---|---|---|---|---|---|
| PO BOX 1431 | MAYO | FL | 32066 | | T-ROCK |

| PERMANENT ADDRESS  Street | City | State | ZIP | Phone | Address Source ☐ Driver's License |
|---|---|---|---|---|---|
| | | | | | ☐ Verbal ☐ Voters 1. D. ☒ Other |

| BUSINESS ADDRESS  Street | City | State | ZIP | Phone | Occupation | Place of Birth |
|---|---|---|---|---|---|---|
| | | | | | | |

| DRIVER'S LICENSE NO. | State | Social Security No. | Scars, Tattoos, Unique Physical Features |
|---|---|---|---|
| B652-104-84-468-0 | FL | 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 | |

| Weapon  Type | Arrest Date mo/day/yr | Arrest Time | Arrest Location (include name of business) |
|---|---|---|---|
| ☐ Yes ☐ No | 5/6/05 | ☐ A.M. ☐ P.M. | SR 20 1/4MILE WEST CR 53 |

| Parent(s) Name:  Last | First | ADDRESS |
|---|---|---|
| | | |

| CO-DEFENDANTS  Last | First | Middle | DOB mo/day/yr | ☐ In Custody ☐ Felony ☐ Juvenile |
|---|---|---|---|---|
| 1. | | | | ☐ At Large ☐ Misdemeanor |
| 2.  Last | First | Middle | DOB mo/day/yr | ☐ In Custody ☐ Felony ☐ Juvenile |
| | | | | ☐ At Large ☐ Misdemeanor |

| CHARGES | STATUTE | CAPIAS/WARRANT/CITATION # | BOND |
|---|---|---|---|
| 1. POSSESSION OF COCAINE | 893.13 | JUN 9 2005 | |
| 2. POSSESSION OF PARAPHERNALIA | 893.147 | STATE ATTORNEY'S OFFICE | |
| NO VALID DL | 322.03(1) | LIVE OAK, FLORIDA | |

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named defendant(s): On the **06** day of **MAY**, **2005**, At **1101** ☐ A. M. ☒ P. M. at **SR 20 1/4MILE WEST OF CR 53**

Location (include name of business)

Committed the following violation of law:

Narrative Text: (Be Specific & Detailed)

**I CONDUCTED A TRAFFIC STOP ON A 1989 HONDA 4DR. FLA TAG Q545ZE FOR NO TAG LIGHT. AS THE VEHICLE EXITED THE ROAD A SMALL CONTAINER WAS THROWN FROM THE FRONT PASSENGER WINDOW. ATER THE VEHICLE WAS SECURED I FOUND A PLASTIC TIC TAC CONTAINER WITH WHITE RESIDUE INSIDE OF IT LAYING ON THE GROUND AT THE FRONT PASSENGER DOOR. THE RESIDUE WAS TESTED AND IT TESTED POSITIVE FOR COCAINE. A SEARCH OF THE VEHICLE WAS CONDUCTED AND A SMALL PLASTIC BAG WITH WHITE RESIDUE WAS FOUND ON THE BACK SEAT BEHIND THE DRIVER. THIS RESIDUE WAS TESTED AND TESTED POSITIVE FOR COCAINE. ALSO FOUND ON THE BACK SEAT WAS A SHORT PLASTIC STRAW. POST MIRANDA CALVIN STATED THAT THE SMALL PLASTIC CONTAINER WAS ON THE FLOOR BY HIS FOOT AND HE THREW IT FROM THE VEHICLE OUT THE PASSENGER SIDE WINDOW. I RAN CALVIN D. BURNS DRIVERS LICENSE AND FOUND THAT HE HAD NEVER BEEN ISSUED A DL. THE ONLY IDENTIFICATION THAT CALVIN BURNS HAD WAS A FLORIDA ID CARD.**

| Hold for Other Agency | For Additional Narrative & Charges Go To Page #3 | **ORDER** |
|---|---|---|

Agency **LCSO** Verified by_____

I Swear that the above Statement is correct and true to the best of my knowledge and belief.

**CARSON MCCALL**
Officer's/Complainant's Name (Print)

Officer's/Complainant's Signature

**LAFAYETTE COUNTY SHERIFF'S OFFICE**
Department Name

Sworn to and Subscribed before me, the undersigned authority this **07** day of

**May 07, 2005**

Judge, Notary Public, Assistant State Attorney, Law Enforcement Officer

Upon consideration of the above Affidavit, this Court finds:

( ) Probable cause exists for the continued detention of the Defendant for the above charge(s).

( ) Probable cause does not exist for the continued detention of the Defendant and he/she is ordered released from custody this

_____ day of _____

JUDGE

Page **1** of **1**

# N. .RATIVE CONTINUATION

## LAFAYETTE COUNTY SHERIFF'S OFFICE

| | 1. Offense 2. Arrest | 1 | Juvenile Warn/Dismiss | | 1. Original 2. Supplement | 1 |
|---|---|---|---|---|---|---|

**ADM**

| Date of Supplement | | Agency ORI Number | Agency Report Number |
|---|---|---|---|
| / / | | FL0340000 | 05-0157 |
| Original Date Reported | Case Reference | | |
| 05/06/2005 | | | |

**NARRATIVE**

ON 05-06-05 I CONDUCTED A TRAFFIC STOP ON A 1989 TAN HONDA FLORIDA TAG Q545ZE. THE VEHICLE WAS REGISTERED TO AMANDA CRAWFORD. THE TRAFFIC STOP WAS CONDUCTED ON SR 20 1/4 MILE WEST OF CR 53. THE TRAFFIC STOP WAS MADE FOR NO TAG LIGHT. AS THE VEHICLE EXITED THE ROAD A SMALL CONTAINER WAS OBSERVED BY KEVIN BARRINGTON BEING THROWN FROM THE VEHICLE ON THE PASSENGER SIDE. KEVIN WAS A PASSENGER WITH ME AT THE TIME OF THE STOP.

I APPROACHED THE VEHICLE ONCE IT CAME TO A STOP AND SECURED THE VEHICLE BY HAVING THE DRIVER EXIT THE VEHICLE. AT THIS TIME BACKUP ARRIVED AND I APPROACHED THE PASSENGER SIDE OF THE VEHICLE. AS I APPROACHED I SAW A SMALL PLASTIC TIC TAC CONTAINER ON THE GROUND AT THE PASSENGER DOOR. I RECOVERED THE CONTAINER AND SAW WHITE RESIDUE. THE RESIDUE WAS FIELD TESTED AND IT WAS POSITIVE FOR COCAINE. AT THIS POINT BOTH SUBJECTS IN THE VEHICLE WERE HANDCUFFED.

A COMPLETE SEARCH WAS THEN CONDUCTED ON THE SUSPECT VEHICLE BY D/S HEMPSTEAD. A SMALL PLASTIC BAG CONTAINING WHITE RESIDUE WAS FOUND ON THE BACK SEAT BEHIND THE DRIVER. ALSO FOUND IN THE SAME AREA WAS A PLASTIC STRAW. IN THE FRONT OF THE VEHICLE WAS $153.00 CASH MONEY. ALL OF THESE ITEMS WERE COLLECTED AS EVIDENCE.

UPON ARRIVING AT THE LAFAYETTE COUNTY DETENTION CENTER CALVIN STATED THAT HE WANTED TO SPEAK WITH ME. HE STATED THAT THE PLASTIC TIC TAC CONTAINER WAS IN THE CAR IN THE FLOOR BOARD AT HIS FEET. CALVIN STATED THAT WHEN HE SAW THE BLUE LIGHTS HE THREW THE CONTAINER OUT THE PASSENGER SIDE WINDOW OF THE VEHICLE.

I THEN INTERVIEWED THE PASSENGER, AMANDA CRAWFORD. SHE WAS ADVISED MIRANDA BY D/S CONDY. SHE STATED THAT SHE HAD BEEN WITH CALVIN FOR APPROXIMATELY ONE YEAR AND DURING THIS TIME HE HAD BEEN SELLING DRUGS. SHE WAS SHOWN A PLASTIC TIC TAC CONTAINER AND SHE IDENTIFIED IT AS BELONGING TO CALVIN. SHE STATED THAT HE NORMALLY CARRIES HIS CRACK IN A TIC TAC CONTAINER. AMANDA STATED THAT SHE NORMALLY GOES WITH CALVIN WHEN HE GOES TO PERRY OR LIVE OAK TO PURCHASE THE CRACK. I THEN ASKED WHERE CALVIN SELLS THE CRACK AND SHE STATED MAYO AND BRANFORD. A COPY OF HER SWORN STATEMENT IS ATTACHED TO THE REPORT.

IN ADDITION TO THE CHARGES CALVIN WAS ISSUED THREE TRAFFIC CITATIONS. 1)NO TAG LIGHT 2)OPEN CONTAINER 3) NO VALID DL.

ITEM 1- PLASTIC TIC TAC CONTAINER WITH WHITE RESIDUE, ITEM 2- PLASTIC BAG WITH WHITE RESIDUE, AND ITEM 3- PLASTIC STRAW WERE ALL SENT TO THE LAB FOR TEST OF THE RESIDUE.

**ADMINISTRATIVE**

| Report Contains | | Related Report Number(s) | Name of Officer Reporting | | I.D. Number/Locator Code |
|---|---|---|---|---|---|
| | | | CARSON MCCALL | | 62-1 |

| Signature of Officer Reporting | Officer Reviewing (If Applicable) | I.D. Number | Unit | Date |
|---|---|---|---|---|
| | CAPT. JOHN D. YOUNG | S-1 | INVESTIGATIO | 05/07/2005 |

| Signature of Officer Reviewing | Routed To | Referred To | Assigned To | By | Date |
|---|---|---|---|---|---|
| | SAO | | | | / / |

| Case Status | | Clearance Type | | Date Cleared | Arrest Number | Number Arrested |
|---|---|---|---|---|---|---|
| CA | | 1.Arrest 2.Exceptional | 3.Unfounded 1 | A-Adult J-Juvenile A | 05/06/2005 | | 1 |

| Exception Type 1.Extradition Declined | 2. Arrest on Primary Offense Secondary Offense Without Prosecution | 3. Death of Offender 4. V / W Refused to Cooperate | 5. Prosecution Declined 6. Juvenile Custody | OBTS Number | Page 5 of 5 |
|---|---|---|---|---|---|

USA Rev. 01/23/2003

EXHIBIT 'B'

CONTAINING                                    10 PAGES

1) HANDWRITTEN LETTER OF CIRCUMSTANCES
   SURROUNDING RECENT ARRESTS                  10 PAGES

Date
3-20-07

Dear mr. Billy McCollum

I'm send you a copy of this letter that I wrote
to mrs. Nancy Daniels So you could know what
really happen in case number's 05-30cf/05-38cf
and 06-38/06-34

Pg-1

Date
3-20-07

Dear, Mrs Nancy A. Daniels

How are you doing today ma'am good? pray and hope so well? would I'ke to introduce myself my name is calvin D. Burns and it is my pleasurer to have you as my lawyer I've Just recaived a letter in the mail stating to my knowledge that you are my appeal lawyer well ma'am Immailing you these pages of my court transcripes to show you some unlawful things that was said to me in the court room and some unlawfully thing that was did to me the page numbers are in the top right hand corner of each page with a box around it pages 4-8-9-11-and 10 but the pages 4-8-9-11 are on the sentencing part that is the date I was sentenc on 10/12/05 but page 10 is on the R.O.R part this is the date I was R.O.R on 8/29/05 O.K on page 4 is where the rude and hatin unlawful statement was maid to me by the State attorney Skip Jarvis I know by law that he is not suppose to make those kind of statement towards me or any one else as a defendant in the courtis I have Cirtales with arrows around every statement that was wrongfully said and done on each page like on page 11 numbers 23/24 when I asked the Judge to withdraw my plea that Statement has been written in penail that statemant has been tooking out pages 8-9 are stapled togather page ten is to show that the Judge kenw about and had Something to do with the Sheriff Carson McCall and the State attorney Skip Jarvis Craeked plan Just to get me to plea out so they could trixck me and thats Just what they did they trixked me its a four page letter that I wrote to Judge land and in that letter I

Pg-2

explain why i didn't do what Sheriff Carter McCall and Skip
Jarvis wanted me to do so they got mad at me violated the
plea agreement that they maid with me and put a false charge
on me and the false charge in this case well i'm going to
trial in deposition investigator travis boatright and officer
geoff Gandy told my lawyer John needlin that they don't no
that if i committed this crime or not and mr. Gandy said
the only reason he thought it was me to because the C.I. told
him what i was wearing and **that he seen me later on that
day** and i had exactly on what the C.I. say i had on but
i'm going trial with this charge because i'm going to win and i'm
going to proove to everyone that i had on these because
i am not one at all but as soon as i get a copy of that
lettle that i wrote please send for me but to send you a copy
i'm going to explain to you on everything that really happend in
the appeal Case number 05-30cf, 05-386f, 06-352f, 06-34cf
well this how all of this big mess ~~the~~ ^too^ please well in case number
05-30cf this what happen one night on the date of 3.06.05
me and my x-girl friend amanda Crawford was on our way to
perry florida to visit my mom and we was pulled over by the
Lafayette County Sheriff Department they say the reason they
pulled us over was because my tag light was not working
So they discoverd a tic-tac bottle with little spots of heroin
residue in it they say that the tic-tac bottle was thrown out of
the passengers window of the vehicle so they came up to the
Car with their guns pointed at me and told me not to move
and that's when one of the officers stated well look at what
we have here we've got us a nother nigger and he's with a white
girl so one of the officer said well Sheriff what is it that
you think we should do with him so they told me to reach
my hands outside of the Car and open the drivers door nice
and slowly so i did as they told me to as soon i steped
out of the Car i was told to place my hands on the top of

pg-3

my head and then I was scothed down by one of the cops
as amanda was still seated in the vehicle in the passengers
seat as they got through searching me that's when the
sheriff asked me what in the hell are you doing with this white girl
I said sir she is my girl so then he started mocking me in a
sarcastic way "she is my girlfriend" "she is my girlfriend" and then
some other cop stated sheriff we should go like back in the day
load his black ass up and take him to the back wood and
beat is black untile he shit all over his self and then put
the rope on his stanking ass then I was told to turn around and
put my hand behind my back and as they placed the handcuffes
on me they placed them on very tightly as one of the officers
was walking me to police cor he pushed me in the back with
the pome of his hand so I asked him what the hell is your problem
and he said you boy you lucky that aint my daughter or I'll
Feode your as to the gators so then he open the cops cor
door and threw what I are in the car and then I seen one
of the cop walk around to the passengers side of the car
I guess he told her to step out of the car so they handcuffed
her and put her in a police cor as one of the cop steed out
side the cor talking to her through the cor window and
that's when they started to search the care and then they
took us to jail I don't know where the tic-tac bottle had
come from because I know maught did have one it was
not mine and to this day I still dont know where it
cams from but they did find tic-tac pecces of candy
in her pocket book I'm not trying to say that the tic-
tac bottle belong to me because I did not see her
throw nothing out of the window but I am honestly
say that it dont belong to me the sheriff is saying to
say that I told him that the tic-tac bottle was mine
and that I said that I'm the one who threw the bottle
out of the window which is a honest lie because I

did not tell him no such thing like that they swear up
and down that I'm a drug dealer well ma'am I promise you that
I am not a drug dealer sue I bar for that I have used drugs
befor but it's not like I was hooked on them the night that
found the little bage and straw with residue which is nething
but paraphernalia I can say that that was mine but not that
tia-toa both's I even told the judge that back in 2005 that
two year's ago that I was messing around with drugs as in
useing them but it's not like I was hooked on them you
can find that Statement on the Sentenceing part on page 10
from number 19 on to number 5 on page 11 in the Court transcrips
So about maybe 5-day when I was locked up I received a
letter from amanda tell me that please don't be mad at here
and that She's very sorry that She had wrote a statement
on me she stated in the letter that she didn't want to
do it that the Sofs forced her in to doing it then She stated
that you don't half to worry about nothing because what
She had wrote on the statement was a bunch of lies anyway
but when my lawyer which was mr. Lee peters at that time
when he took her statement in deposition she had said that
she didn't see me threw nething out of the window or nothing
like that that's what when she told me when she came
to visitation at the Jail with her mom to visit me and
one day at court pushed him and he said yes that was
true ma'am if you could would you please go back find those
depositions in Case 05-30 of the case that amanda made well
that the true story to what happen in Case 05-30 of now
this is what happen in Case 05-39 of well that Same
night that me and amanda was pulled over by the Sofs
and they was making alkinds of bad threats to me and
harrasing at me scared and terrorfide of the threat's that
they maid to me I couldn't even sleep that night I was
So Shocked up inside so the next day which was 5-07-05

I was Still so afraid of them Cops I was shaking on the inside so when the two officers came to get me out of the holding sell in the booking room one of the officer was releasing a inmate and when she opened the door to let the inmate go free I was still so scared so I ran out of the door and I didn't stop until I got to my grandmothers house I went in and called my girl friends house and she was crying and screaming telling me that I should not have run away so she was listening on their police channel to see what they was saying about me so she started screaming into the phone their coming to your grandmothers house so I graved my sisters cell phone and jumped out the bedroom window a ran into the wood befor they can get their so as I was running through the woods I seen an old broked down Camp so I jumped into the camper and that's way I stayed until about 5:20 pm when I ran from the jail It was about 2:05 pm in the afternoon at the time I ways in the camper I called amanda's house on the cell phone that I had and was talking to her and her mom they was telln me to turn myself in because the sheriff just had left their house looking for me and that he said that where ever they see me that they was going to shoot me so her mom and her dad ways worried about me getting hurt so her mom got on the phone and askt me why wont I turn my self in and I told her because of I was scared of all the threat's that they maid to me so the sheriff that was going to call Carson the sheriff and talk to him I'm and that to call her back in about 5 min so I whated about 5 min and the I called her back and she said she called Carson and had a talk with him and he said that if I turn myself in that he promised that nothing bad would happen to me so I told her that I dont bleave him so she three waved me to his Cell phone and I told him that if he

promised nothing bad would happen to me and he said
yes so I turnd myself in I told them where I was and
they came and picked but at the time I had made it to
my aunt's house and told her that I was turning myself
in and it was about 10 people around there to make sure
that they did nothing wrong to me and when they came
to take me to the Jail amanda and her mom and
dad follow the police as they to me to the Jail and
when I got to the Jail right befor they took me inside
amanda gave me a hug and a kiss and she told me that
she love thats the true story to how I got the escape
charge in D.No:05-38af its not like I broke out of Jail
or nothing like that a officer opened the door and I ran out
of fear because of all the threats that the officer's
maid to me its not like I was runng away to escafe
I was turning because I was scared and I turnd myself
back in that Same day less than 4-hours the only
reason I stayed out was because of my lawyer which was
mr. Lee peters he mussled me in to takeing that plee by
telling me your going to take thirty six or four wrese is
aging to happen to you like going to prison I didn't
know nothing about the law back then because if I
would have I would not have to than plee and come
to find out that him and the State attorney are real
good friends and that's how I got stuck in the
1-year in the county Jail and 4-year's drug offender
probation and 7-year's prepadtion for the escape which
was a punnishable for 5-year prison this O.K madam
this is the true story to what happen in case:06-38af the
Lafayette police department claimstied I sold two little
bags of marijuana to one of their C.I. on the date of
4-10-06 well I didn't sell the C.I. nothing they say I sold the
marijuana on 4-10-06 but they didn't arrest me until 4-25-06

P.g-7

O.K ma'am listen to this part I supposelly Sold marijuana on the date of 4-10-06 and they say that the C.I. brought the marijuana from me with a marke 20 dollar bill well why didn't they come and get me a soon as the deal was going down well if I was a Cop and I maid a set up deal well as soon as the C.I. maid contact with the drug dealer and the sell was maid I would have have and arrested the drug dealer on the spot that's so I would have had the evidence as in the marijuana and the marked 20 dollar bill well they didn't do nothing like that and when they did arrest they didn't get nothing off of me they didn't get no marijuana off me or no marke bills of me the only thing they have is a tape that they claim I'm on which is a lie I want you to get a copy of that tape and listen to it very—very carefully I'm not me on that tape I promise you that you will not hear my name Jchn or Burns or you will not hear my nick name or my t-reek that's what most people call me t-reek but listen for the name tay tay it's a guy name tay wilson but we call him tay-tay and that's who the C.I. is talking to and their talking about marijuana everything these people arrest my they have never gotten any drugs off me or any marked money because I'm not a drug dealer the only reason that I plead out was that I had done set up her for four months and on the fourth month boatright and carson had a talk with me telling me that if I work with them that they would see to it that I got out on 8-29-06 O.K So I maid a plea agreement with them and the only reason they wanted me to plea is because they knew that they did not have on me and they didn't want to go to trial because they knew that I would have the trie So what they did was set a trap up to trick me and they did just that tricked me well

ma'am this I Just how they was if we could get him
to plea out we will have him right way we won't so
like I explained to you in the first part of this letter
but the only reason that I pleased out is because I
Just wanted to be with my little girl and her mother
this is how I got the Charge I Case: 06-34CF on
the date of 4-25-06 that the date I was arrested
on the marijuana Charge well this is what happen I got
up that morning and got ready to go to work because
I Just had got hired that same day and officer boatright
Came to the front door and I was standing in the
kitchen when I heared him ask my sister was I home
and she said yes so I went to the front door to see
what he wanted and the first thing he asked me was
Calvin do you have a picture I.D. and I said yes sir
It's in my wallet sitting on the deep freezer in the
kitchen I'll go and get it for you as soon as I turned
to go get it he Just snashed me by my arm and slamed
the handcuffie's on my left arm so I Jurcked back
not knowing what's going on and he had me by my
left arm pulling me towards him while he had his
other hand around my neck pushing me away from
him so I Started tussling trying to get loose out
because he was choking he brused my hed so bad
I had to go to the hospital to get x-ray's to see
if it was broken he used excessive force on me
with out any reason and my sister is my witness
Carson didn't see the whole thing he was Just
pulling up in his truck and that the true Story
to what happen the Case 06-34

P.g-9

ma'am if you look on page-number 12 on down to 17 you
can see for yourself that the state attorney Ship Sorvis
has a persona. problem that's why he maid the two-by-
four state aginst this & how I know that he hat a problem
at the time I was going to court for Case:No 05-30Cf
and Case:No 05-38Cf well amanda little sister barly
was kidnapped from school well one day when they went
to court for deposition barly's mom which is amanda's
mom told me when amanda and her mom Debby matthews
came to visit me at the jail mrs Debby had told me
that she had a talk with Ship and she asked
him what was they going to do with me and that
he said who what is it to you and then that she
told him that because I was her future son in law
and that he was going to try to give me ten years
in prison because he don't like to see black and
whites toagther as a cuple but I didn't get ten years
in prison but I did get 10-year probation and 1-year
in the county jail on my first violation this is what
I have to say and think about the 4 situation I
don't matter who you are or what you did or what
the color of you skin is its all that matters is
that the two people are in love with each
other and that's what counts they say the
only reason that I violated the t.o.r was
because of this charge that I'm going to court
for know but you will see when I win this
trial that I'm not a drug dearle I was not one
then and im not one now all I ask for on
the Case:No 06-38 all I ask for is a fair trial
in that case just to prove I di'd not sell
any drugs

Caulvin Burns DC-I06774/D2-2l09u
Columbia Correctional Institution
216 South-East Corrections way
Lake City, Florida 32025

OFFice of the Clerk of Court
U.S. District Court
401 South-East First Avenue Room

Mailed From A State
Correctional
Institution



02 1M
000 42 25 21
MAILED FROM
UNITED STATES POSTA