IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CALVIN D BURNS,

    Plaintiff,

v.                                                          CASE NO. 1:10-cv-00047-MP -GRJ

TRAVIS BOATWRIGHT, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 against the Sheriff of Lafayette County and several Deputy Sheriffs for an incident which allegedly occurred on May 6, 2005. (Doc. 1). The Court has reviewed the complaint and finds that it fails to state a claim for relief and should be dismissed. Pursuant to the Prison Litigation and Reform Act, the Court shall dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1).

Plaintiff claims that during an arrest on May 6, 2005, the sheriff and several deputies made racial remarks and handcuffed him in a unnecessarily tight manner. He also alleges that they brought false charges against him to force him to be a confidential informant.

The complaint was filed on March 29, 2010. (Doc. 1). Federal courts apply their forum state's statute of limitations for prisoner suits brought under 42 U.S.C. § 1983. Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Uboh

v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998); see also Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir.1996). In Florida, the personal injury limitations period is four years from the date of the alleged unconstitutional act. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999). The complaint, here, was filed nearly five years from the date of the alleged unconstitutional acts and therefore would be barred by the statute of limitations.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the cause be **DISMISSED** as barred by the applicable statute of limitations.

At Gainesville, Florida, this 8th day of November 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**