IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CALVIN D BURNS,

    Plaintiff,

v.                                                          CASE NO. 1:10-cv-00047-MP -GRJ

TRAVIS BOATWRIGHT, GEOFF CONDY, CARSON MCCALL,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 7, Report and Recommendation regarding the Complaint filed by Calvin D. Burns. The Magistrate Judge recommended the case be dismissed as barred by the statute of limitations. Plaintiff timely objected, stating that the lawsuit was indeed filed within the applicable four-year statute of limitations. This Court reviews objected-to material *de novo*.

The complaint was filed on March 29, 2010, Doc. 1. Federal courts apply their forum state's statute of limitations for prisoner suits brought under 42 U.S.C. § 1983. Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573 (1989); Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998); *see also* Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir.1996). In Florida, the personal injury limitations period is four years from the date of the alleged unconstitutional act. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999).

In his Objection, Mr. Burns describes how the alleged harassment conduct of which he complains began in 2003. Doc. 8, p.2. The first physical incident of which he complains allegedly occurred on May 6, 2005. *Id*. These incidents, included in the Complaint, occurred

more than four years before the filing of that Complaint.

Mr. Burns' Objection goes on to describe complained-of conduct that allegedly occurred after March 29, 2006, within four years of his filing this lawsuit. These allegations are also in his Complaint:

> 3) That the Defendants Lafayette County Sheriff Carson McCall, Deputy Sheriff Travis Boatwright, and Geoff Condy did conspire to place "false charges" upon this Plaintiff to secure his unwilling cooperation as a confidential informant between the dates of May 6, 2005 and September 19, 2006.

Doc. 1, p.7. In his Objection, Mr. Burns complains of an arrest that occurred on April 25, 2006, in which he claims his wrist was injured.

Mr. Burns argues that his suit may not be dismissed as barred by the statute of limitations according to Burton v. City of Bell Glade, 178 F.3d 1175, 1188 (11th Cir. 1999). That case concerned tenants of a predominantly black housing project and their allegations in a civil rights action that the city, city housing authority, and others wrongfully refused to annex the housing project into its geographic boundaries. It did not concern the statute of limitations. Mr. Burns' cited authority is not relevant to the current inquiry.

The Report and Recommendation, Doc. 7, noted in addition to its analysis of the statute of limitations that all of Mr. Burns' allegations fail to state a claim on which relief can be granted. As the Magistrate Judge noted in the Report and Recommendation, "Pursuant to the Prison Litigation and Reform Act, the Court shall dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)." Doc. 7, p.1. Though Plaintiff had an opportunity to respond to this analysis, he chose not to in his Objection, Doc. 8. Because an Objection was filed, however, this Court

reviews the Magistrate Judge's analysis *de novo*.

Though Mr. Burns claims his April 2006 arrest for sale of a controlled substance within 1000 feet of a church was "false," he admits in the original complaint that prosecution "is currently under review by the Third Judicial Circuit Court for Lafayette County. The Petitioner/Plaintiff did submit, on September 7, 2008, a 3.850 motion for post-conviction relief." Doc. 1, p. 15 (emphasis omitted). Mr. Burns admits that he was given medical treatment for this injury, sustained according to the relevant police report when Mr. Burns resisted arrest with violence, including treatment by a nurse and transport to and treatment at Doctors Memorial Hospital in Perry, FL. The medical report of Mr. Burns' wrist x-ray concludes: "Three-views of the left hand are submitted. There is soft tissue swelling over the dorsal aspect of the metacarpals. There is no visible fracture. No radiopaque foreign body is present." Doc. 8, Ex. F.

Mr. Burns goes on to complain that the "false" charges remained pending as an incentive for Mr. Burns to cooperate with law enforcement as a confidential informant. Doc. 1, p. 15. Mr. Burns complains that law enforcement asked him, pursuant to his cooperation as an informant, to put himself in personal danger. *Id.* Mr. Burns declined to cooperate, and law enforcement arrested him again for the sale of controlled substances within 1000 feet of a church on September 19, 2006. Doc. 1, p. 16. Mr. Burns does not allege that the arrest was found to be without probable cause, only that the charge was dismissed later.

Mr. Burns' accusations of false arrest are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) (In order to recover damages for allegedly unconstitutional conviction or imprisonment, at 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance

of a writ of *habeas corpus*.)   Mr. Burns has not alleged that any of the Heck v. Humphrey prerequisites have been met such that his false arrest claim may continue.

Neither is there any plausible factual basis to sustain the 42 U.S.C. § 1983 claims based on "lasting, and very possibly, permanent nerve damage and injury" or "severe and possibly permanent injury."   To succeed on a claim of excessive force during arrest, Mr. Burns would have to show that the force used during the arrest was unreasonable.  Graham v. Connor, 490 U.S. 386 (1989).  Determining whether the force used was reasonable requires balancing of the nature and quality of the intrusion on the individual's interest to be free from unreasonable search and seizure with the government interest in deterring crime and apprehending criminals. "[I]ts proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Graham, 490 U.S. at 396 (citations omitted).

Here, Mr. Burns' wrist and hand were injured during his arrest.  Mr. Burns does not allege any facts contrary to those contained in the police report: that Mr. Burns was injured when, after escaping from jail the previous year, he resisted arrest in April 2006 with violence by yanking his handcuffed wrist away from the arresting officer.[1]  Mr. Burns' Complaint states that he "was arrested while staying with family, at his residence."  Doc. 1, p. 14.  This is consistent with the arrest report.  Mr. Burns alleges no facts inconsistent with the arrest report, instead

---

[1] "I placed a handcuff on his left arm and as I went to place the other handcuff on his right arm, the defendant tried to pull away and run.  I pulled the defendant back toward me and he kept trying to jerk the handcuff out of my hand.  Sheriff McCall came and assisted me in getting the defendant handcuffed."  Doc. 8, Ex. E, April 25, 2006 arrest report of Travis Boatright.

offering only conclusory allegations that the arrest was executed "in an aggressive and brutal manner...." *Id*. Nor does Mr. Burns allege that any force was used after he was brought under control- rather it was the act of handcuffing Mr. Burns itself that caused his injury. Mr. Burns' conclusory allegations are insufficient to sustain a cause of action. <u>Ashcroft v. Iqbal</u>, 556 U.S. ___, 129 S.Ct. 1937 (2009).

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 7, is REJECTED IN PART insofar as it premises the recommendation on the Statute of Limitations.

2. The remainder of the Report and Recommendation is AFFIRMED and adopted by this court and the case is DISMISSED under 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief may be granted.

3. The Clerk is directed to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**DONE AND ORDERED** this   *8th* day of December, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge